**KYI KYI SWE, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–74208.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 1, 2010.

Filed Feb. 22, 2010.

R. Wayne McMillan, Law Office of R. Wayne McMillan, Pasadena, CA, for Petitioner.

Marshall Tamor Golding, Esquire, Joan Estelle Smiley, Esquire, Trial, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, FISHER, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Kyi Kyi Swe, a native and citizen of Burma, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ") finding her not credible and denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1252. Because the BIA adopted the IJ's decision as the final agency determination, we review the IJ's decision directly. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1118 (9th Cir.2004). We grant the petition and remand.

Although the IJ found Swe incredible based on seven purported inconsistencies in her testimony, none are based on substantial evidence. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). The IJ erred by failing to take into account the context of individual statements, failing to confront Swe concerning some alleged inconsistencies, *see Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999), failing to respond to explanations of alleged inconsistencies, *see Soto–Olarte v. Holder,* 555 F.3d 1089, 1091 (9th Cir.2009), and finding inconsistencies between Swe's testimony and his own mere speculation and conjecture, *see Ge v. Ashcroft,* 367 F.3d 1121, 1124 (9th Cir.2004).

When substantial evidence does not support an adverse credibility determination, the petitioner is deemed credible. *See Shire v. Ashcroft,* 388 F.3d 1288, 1299 (9th Cir.2004). The government has conceded that if Swe's testimony is credible, she has established past persecution on account of political opinion. *See also Lopez v. Ashcroft,* 366 F.3d 799, 804 (9th Cir.2004). "[A] rebuttable presumption of a well-founded fear [now] arises, and the burden shifts to the government to demonstrate that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear." *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004) (internal quotation marks and citations omitted). We therefore grant the petition for review with regard to the asylum claim and remand this matter to the BIA. Swe's claims for withholding of re-

moval and CAT relief are also remanded for reconsideration in light of her credible testimony.

**PETITION FOR REVIEW GRANTED and REMANDED.**